■ BOSTON CONCESSIONS GROUP, INC., Respondent, v CRITERION CENTER CORP., Appellant. [673 NYS2d 111] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered November 20, 1997, which denied defendant theater owner's motion for summary judgment dismissing plaintiff concessionaire's causes of action for conversion and breach of contract, unanimously modified, on the law, to dismiss so much of the cause of action for conversion as relates to equipment and as seeks punitive damages, and otherwise affirmed, without costs.

The motion court erred in holding that a prior order, affirmed by this Court (200 AD2d 543), that had denied plaintiff's motion for summary judgment is law of the case precluding defendant's instant motion for summary judgment, additional evidence having been adduced in subsequently conducted depositions (*see, Smith v Metropolitan Transp. Auth.*, 226 AD2d 168, *lv denied* 89 NY2d 803, *cert denied sub nom. Smith v Metro-North Commuter R. R.*, 520 US 1186). That evidence consists of plaintiff's representatives' admissions that they thought it "absurd" to remove the equipment they had installed in the theater, as defendant was demanding, because the cost of removal was prohibitively high and the value of the

equipment had depreciated due to its use, and that they never demanded that defendant return the equipment because they believed that the agreement obligated defendant to purchase it instead. It thus appears that defendant came into possession of the equipment lawfully under the parties' agreement, that plaintiff never demanded return of the equipment, and that what plaintiff is actually seeking in claiming conversion of the equipment is damages for breach of contract (see, *Matter of White v City of Mount Vernon*, 221 AD2d 345, 346; *Peters Griffin Woodward v WCSC, Inc.*, 88 AD2d 883, 884). Accordingly, so much of the conversion claim as relates to the equipment should have been dismissed. However, so much of the conversion claim as relates to the nonreturn of papers and warranties is viable, the deposition testimony establishing that plaintiff did demand the return of these items and that defendant or its agent refused to do so. While it remains an open question whether the exercise of dominion over these papers and warranties was lawful, it certainly did not amount to " 'a wanton or reckless disregard of plaintiff's rights' " (*Giblin v Murphy*, 73 NY2d 769, 772), and, accordingly, the claim for punitive damages should also have been dismissed.

Concerning the breach of contract cause of action, numerous issues of fact exist, including whether the agreement ever went into effect; whether defendant terminated the agreement based on paragraph 11 (default) or paragraph 13 (voluntary termination) and the validity of defendant's termination under either paragraph; whether paragraph 12 of the agreement obligates defendant to pay for the installed equipment when the agreement was terminated for "any reason" or merely gives defendant an option to purchase; and which party frustrated performance of and/or breached the agreement (see, 200 AD2d 543, *supra; see also, Curtis Props. Corp. v Greif Cos.*, 236 AD2d 237, 239). We have considered defendant's remaining contentions and find them to be without merit. Concur—Lerner, P. J., Ellerin, Rubin and Saxe, JJ.