OPINION OF THE COURT
Peter P. Cusick, J.
Third-party defendant’s motion for summary judgment is granted and the third-party complaint is dismissed.
This is an action for personal injuries allegedly sustained by plaintiff. At the time of the accident, plaintiff was employed by third-party defendant, a subcontractor. Third-party defendant had been hired by another contractor, not a party to this ac *198 tion. Apparently, there is no contract between the third-party plaintiff and third-party defendant.
Third-party defendant moves for summary judgment maintaining that the third-party action is barred by section 11 of the Workers’ Compensation Law. Third-party defendant maintains that plaintiff has not sustained a “grave injury” and therefore, in accordance with section 11, a third-party action against plaintiff’s employer is barred. In support of its motion third-party defendant submits a copy of plaintiff’s bill of particulars which sets forth the injuries allegedly sustained by plaintiff.
In opposition, third-party plaintiff maintains that it has not yet conducted discovery on plaintiff’s medical condition. It asserts that the instant motion is premature.
It is clear that the purpose of the 1996 amendments to the Workers’ Compensation Law (L 1996, ch 635) was the legislative repeal of Dole v Dow Chem. Co. (30 NY2d 143). Under Dole, a defendant could institute a third-party action, against a plaintiff’s employer, for contribution. As the Legislature stated in the legislative intent, one of the purposes of the amendments was to repeal “Dole” liability except in cases of grave injury. (L 1996, ch 635, § 1.)
The amendment specifically states how the Legislature defines “grave injury”. This section states “ ‘grave injury’ * * * shall mean only one or more of the following: death, permanent and total loss of use or amputation of an arm, leg, hand or foot, loss of multiple fingers, loss of multiple toes, paraplegia or quadriplegia, total and permanent blindness, total and permanent deafness, loss of nose, loss of ear, permanent and severe facial disfigurement, loss of an index finger or an acquired injury to the brain caused by an external physical force resulting in permanent total disability” (Workers’ Compensation Law § 11).
As the Court of Appeals has held, in interpreting a statute the court should attempt to effectuate the intent of the Legislature. The starting point would be the “plain meaning” of the language itself. (See, Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583 [1998].)
Based on a review of plaintiffs bill of particulars, the injuries alleged to have been sustained by plaintiff do not fall into the definition of a “grave injury”. A displaced fracture of the wrist with surgery and a 35% loss of use does not, as a matter of law, constitute a grave injury. Plaintiff does not allege in his *199 bill of particulars that he sustained a “permanent and total” loss of use of an arm or hand. The plain meaning of the statute is clear, the loss of use must be “permanent and total”.
Third-party plaintiffs argument that it has not conducted discovery on the issue of the medical condition of plaintiff is insufficient to defeat this motion. There may be occasions (i.e.— when a plaintiff pleads an injury that may fall within the definition of a grave injury) when a lack of discovery may be a basis for denying this type of motion for summary judgment. However, where as in this case plaintiff does not even plead an injury that could possibly be considered a “grave injury”, such an argument must fail.
In accordance with the above, the third-party complaint is dismissed and the Clerk of the Court is directed to enter judgment in favor of third-party defendant.