OPINION OF THE COURT
Marsha L. Steinhardt, J.
This is a motion brought on by third-party defendant, City of *893 New York, for an order granting summary judgment as to it. A cross motion, brought on by Toyota Motor Credit Corporation, seeking relief relative to various and sundry outstanding discovery demands was disposed of after oral argument. It is the contention of the moving party, herein, that the third-party complaint should be dismissed as it is barred by section 11 of the Workers’ Compensation Law, as amended in 1996. The statute reads: “An employer shall not be liable for contribution or indemnity to any third person based upon liability for injuries sustained by an employee acting within the scope of his or her employment for such employer unless such third person proves through competent medical evidence that such employee has sustained a ‘grave injury’ which shall mean only one or more of the following: death, permanent and total loss of use or amputation of an arm, leg, hand or foot, loss of multiple fingers, loss of multiple toes, paraplegia or quadriplegia, total and permanent blindness, total and permanent deafness, loss of nose, loss of ear, permanent and severe facial disfigurement, loss of an index finger or an acquired injury to the brain caused by an external physical force resulting in permanent total disability.” (Workers’ Compensation Law § 11.)
The City opines, and it is undisputed that, plaintiff did not suffer an injury specifically enumerated in the above-referenced section. In addition, the third-party defendant seeks dismissal of the third-party complaint based on a prior finding of this court that defendant, Gerald Sheridan, driver of the vehicle owned by codefendant, Toyota Motor Credit Corporation, was sufficiently intoxicated at the time of the accident to be negligent as a matter of law and that said negligence was a proximate cause of the accident. (Summary judgment has previously been granted to plaintiff by order dated November 11, 1997.)
Defendants, on the other hand, contend that plaintiff’s injuries are of so severe a nature as to be considered “grave” within the meaning of the law and that the City’s actions, including, but not limited to, failing to safeguard the area in which plaintiff was working, constitute negligence and contributed to the happening of the accident.
The occurrence which brings these parties to court took place on June 15, 1997 when plaintiff, while performing his duties as an employee of the New York City Department of Transportation, was struck by a vehicle driven by defendant Sheridan. The work plaintiff was engaged in at the time of the accident was that of removing cones from a construction site on the Wil *894 liamsburg Bridge. There was no barrier separating plaintiff from oncoming traffic. As a result of the impact plaintiff was taken to Bellevue Hospital. He underwent five separate surgical procedures on the day of the accident and at least two further operations subsequent thereto. Both of plaintiff’s lower limbs sustained severe injury. The final prognosis is, at this time, uncertain, although it is more likely than not that Mr. Zucker will need additional surgery in the future.
“In 1996 the liability of an employer for contribution or indemnity created by the Dole [v Dow] decision was limited to uses where the employee’s suit against a third party was for a ‘grave injury’. Therefore, any action against a third party for injuries which occurred on and after September 10, 1996 to an employee, which are not considered ‘grave’, may not be the basis for the third party impleading of the employer for contribution or indemnity if the employer is liable to the injured employee for workers’ compensation benefits * * *
“ ‘Grave injury’ is defined to be only those injuries which are stated in the list provided in the statute and as determined by medical evidence to be a permanent and total loss.” (Minkowitz, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 64, Workers’ Compensation Law § 11, 1999 Pocket Part, at 34.)
The logical analogy before the court lies in Insurance Law § 5102 et seq. These provisions permit recovery only for “serious injury”, as defined by law. “It is incumbent upon the court to decide in the first instance whether plaintiff has a cause of action to assert within the meaning of the statute. By enacting the No-Fault Law, the Legislature modified the common-law rights of persons injured in automobile accidents (Montgomery v Daniels, 38 NY2d 41 * * *) to the extent that plaintiffs in automobile accident cases no longer have an unfettered right to sue for injuries sustained. Thus, to the extent that the Legislature has abrogated a cause of action, the issue is one for the court, in the first instance where it is properly raised, to determine whether the plaintiff has established a prima facie case of sustaining serious injury * * * Thus * * * the Legislature intended that the court should decide the threshold question of whether the evidence would warrant a jury finding that the injury falls within the class of injuries that, under no-fault, should be excluded from judicial remedy. If it can be said, as a matter of law, that plaintiff suffered no serious injury within the meaning of [then] subdivision 4 of section 671 of the Insur *895 anee Law, then plaintiff has no claim to assert and there is nothing for the jury to decide. (Montgomery v Daniels, supra.)” (Licari v Elliott, 57 NY2d 230, 237-238.)
It is apparent, from the documentation submitted, that the injuries sustained by plaintiff go way beyond “sick, sore, lame and disabled.” Ultimately, after medical testimony and documentary evidence, the extent and severity of these injuries must be determined by a jury of plaintiffs peers. It is, therefore, the opinion of this court that whether or not plaintiffs injuries fall within the parameters of section 11 of the Workers’ Compensation Law is a question of fact, ultimately, best left to the finders of fact. Third-party defendant’s motion to dismiss the third-party complaint, as barred, is denied, with leave to renew at the appropriate time. The remaining portion of third-party defendant’s motion is, likewise, denied. The City has failed to demonstrate, to this court’s satisfaction, that its action, or lack of action, did not contribute to the happening of the above-outlined occurrence. There may be more than one proximate cause of an accident.