■ KEVIN FICHTER et al., Appellants, v LYNN H. SMITH et al., Individually and Doing Business as 716 JAMES STREET PARTNERSHIP, Respondents and Third-Party Plaintiffs-Respondents-Appellants. DIAMOND ROOFING, INC., Third-Party Defendant-Respondent-Appellant. [688 NYS2d 337] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Kevin Fichter (plaintiff) fractured both heels when a ladder that he was climbing to reach the roof of a commercial building owned by defendants was blown over by a strong gust of wind. Plaintiff had tied off the bottom of the ladder and was carrying a rope with which to tie off the top of the ladder when the accident occurred. Contrary to the contention of defendants and third-party defendant, plaintiff was engaged in an activity within the purview of Labor Law § 240 (1), the repair of a roof, when the accident occurred. Supreme Court erred in denying plaintiffs' motion for partial summary judgment on the issue of liability on that claim. Contrary to the court's conclusion, there are no issues of fact on the recalcitrant worker defense. Plaintiff was provided with no safety devices to guard against the type of accident that occurred, and, although plaintiff admitted that it was his company's policy to tie off ladders, plaintiff was in the process of tying off the ladder when this accident occurred. In any event, the fact that plaintiff may have received general safety instructions that were not followed is not sufficient to raise an issue of fact whether plaintiff was a recalcitrant worker (see, Gordon v Eastern Ry. Supply, 82 NY2d 555, 562-563; Tennant v Curcio, 237 AD2d 733, 734; Savigny v Marrano/Marc Equity Corp., 221 AD2d 942).

The court further erred in denying the cross motion of third-party defendant for summary judgment dismissing the third-party complaint. Defendants failed to present competent medical evidence that plaintiff sustained a grave injury (see, Workers' Compensation Law § 11). We have examined the remaining contentions of defendants and conclude that they lack merit.

We modify the order, therefore, by granting plaintiffs' motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1) and granting third-party defendant's cross motion and dismissing the third-party complaint. (Appeals from Order of Supreme Court, Onondaga County, Elliott, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Hurlbutt, JJ.