OPINION OF THE COURT
Arnold N. Price, J.
Third-party defendant Forest Electric Corporation (hereinafter Forest) moves for summary judgment dismissing the common-law indemnification claims of third-party plaintiff Lehr Construction Corporation (hereinafter Lehr) on the ground that plaintiff Morgan Harris, Sr. did not suffer a “grave injury” within the meaning of Workers’ Compensation Law § 11. Lehr cross-moves for leave to amend its complaint to add causes of action for contractual indemnification and failure to procure insurance, as well as for summary judgment on its contractual indemnification claims.
Plaintiff was injured when he allegedly slipped and fell on loose tiles on a construction site. Plaintiff alleges in his bill of particulars that he suffered, among other injuries, a “complex torn medial and lateral meniscus of the left knee” which has resulted in a permanent disability. Plaintiff commenced his action against Lehr and other named defendants in June 1998. In June 1999, Lehr commenced its third-party action against Forest, plaintiff’s employer, alleging, among other things, a cause of action for common-law indemnification.
Forest’s motion alleging that plaintiff has not suffered a “grave injury” sufficient to entitle third-party plaintiff Lehr to a claim for indemnification requires a review of the recent amendments to Workers’ Compensation Law § 11 as they apply to the specific requirements for summary judgment. As amended, the statute states that “[a]n employer shall not be liable for contribution or indemnity to any third person based upon liability for injuries sustained by an employee acting within the scope of his or her employment for such employer unless the third person proves through competent medical evidence that such employee has sustained a ‘grave injury’.” The statute then goes on to define “grave injury,” which includes, as is relevant to the case at bar, the “permanent and total loss of use of * * * a leg.” (Workers’ Compensation Law § 11.)
The amendment, which was plainly intended to limit suits by third parties seeking indemnification from employers, presents distinct difficulties when applied to motions for summary judgment. In any motion for summary judgment, the burden *433 initially rests upon the movant to establish a prima facie case of entitlement to relief. (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851.) In cases under Workers’ Compensation Law § 11, the party most likely to seek summary judgment will be the employer as third-party defendant, who will attempt to defeat the third-party plaintiffs claim for indemnification by alleging that there is no “grave injury.” Under section 11, however, the burden rests upon the third-party plaintiff to prove the existence of “grave injury” by proffering “competent medical evidence.” It is, therefore, unclear as to how the courts should proceed in evaluating these burdens of proof upon a motion for summary judgment.
While several courts have strained to construe the requirements of section 11, none have fully analyzed its application on summary judgment. (Fichter v Smith, 259 AD2d 1023; Zucker v Sheridan, 179 Misc 2d 892; Brownstein v LaCroy Corp., 178 Misc 2d 197; Johnson v Space Saver Corp., 172 Misc 2d 147.) Indeed, one court has noticed the striking comparison of section 11 to the “serious injury” provisions of Insurance Law § 5102. (Zucker v Sheridan, 179 Misc 2d 892, supra.) Indeed, in summary judgment motions brought under Insurance Law § 5102, the courts have consistently held that the movant bears the burden of establishing that the plaintiff has not suffered a “serious injury.” (Gaddy v Eyler, 79 NY2d 955.) Only after the moving party has submitted evidence which negates the claim of “serious injury,” does the burden shift to the opposing party to come forward with sufficient evidence to raise a triable issue of fact as to whether there has been a “serious injury.” (Gaddy v Eyler, supra.)
This court finds that a similar analysis must be applied to cases arising under the “grave injury” analysis of Workers’ Compensation Law § 11. Under this analysis, the burden rests upon the movant, third-party defendant herein, to establish its entitlement to judgment that the plaintiff has not suffered a “grave injury.” Thereupon, it will follow that the opposing party, herein the third-party plaintiff, will be compelled to raise a triable issue of fact through the submission of “competent medical evidence” to support its claim of “grave injury.” Only through this analysis can the court best balance the statutory requirements of section 11 against the long-standing judicial treatment of motions for summary judgment.
In reaching this result, this court declines to follow the reasoning of Brownstein v LeCroy Corp. (178 Misc 2d 197, supra) and Johnson v Space Saver Corp. (172 Misc 2d 147, supra) *434 which suggest that a court may determine, as a matter of law, the existence of a “grave injury” from the allegations in a plaintiffs complaint or bill of particulars. This court finds that such an approach could easily be undermined by strategic amendments to pleadings, or sequela injuries to the plaintiff, and would likely engender duplicative litigation. This approach also appears to contradict the statutory requirement for “competent medical evidence.” (Fichter v Smith, 259 AD2d 1023, supra.) Finally, inasmuch as a motion for summary judgment requires proof in admissible form, it is difficult to discern how either the third-party plaintiff or the third-party defendant can meet the burden of proof of “competent medical evidence” when such evidence, by its nature, remains under the control of the plaintiff.
Plaintiff sets forth in his bill of particulars an injury to his leg which may yet be determined to be a “grave injury.” It follows that Forest, as the party now moving for summary judgment, must come forward with sufficient medical evidence to support its claim that plaintiff has not suffered a “grave injury” within the meaning of Workers’ Compensation Law § 11. Insofar as Forest has failed to make such a prima facie showing of entitlement, the motion must be denied. (Gaddy v Eyler, supra; Winegrad v New York Univ. Med. Ctr., supra.)
Lehr’s cross motion seeking leave to amend is granted in part and denied in part. That portion of Lehr’s motion seeking to add a claim for failure to procure insurance is denied inasmuch as Forest provides ample documentation that it indeed procured the requisite coverage. (Garcia v Great Atl. & Pac. Tea Co., 231 AD2d 401; Martinez v Tishman Constr., 227 AD2d 298.) That portion of Lehr’s cross motion seeking leave to amend the third-party complaint to assert a claim for contractual indemnification is granted inasmuch as “leave shall be freely given” and the amendment is requested at an early stage in the proceedings. (CPLR 3025 [b].) That portion of Lehr’s cross motion seeking summary judgment on its indemnification claims against Forest is denied as premature, particularly since there has not yet been a determination that Lehr itself is free from negligence. (General Obligations Law § 5-322.1.)