■ ESTATE OF LOUISE NEVELSON, Deceased, et al., Respondents-Appellants, v CARRO, SPANBOCK, KASTER & CUIFFO et al., Appellants-Respondents. (And a Third-Party Action.) [736 NYS2d 668] —Order, Supreme Court, New York County (Edward Lehner, J.), entered October 1, 2001, which denied defendant-appellant law firm's motion for summary judgment dismissing the complaint, except insofar as to dismiss plaintiffs' claim for damages based on the interest charged by and paid to the Internal Revenue Service, unanimously modified, on the law, to grant defendant-appellant law firm's motion to the extent of dismissing the causes of action for breach of contract and breach of fiduciary duty, and otherwise affirmed, without costs.

The underlying facts are set forth in this Court's prior opinion (259 AD2d 282). We disagree with the motion court's refusal to address the merits of the law firm's motion, based upon the court's conclusion that it was an improper second motion for summary judgment, since the amendment of the complaint clearly delineating the damages claimed by each plaintiff and the discovery pursued after disposition of the initial motion significantly altered the parties' ability to address several issues (*see, Boston Concessions Group v Criterion Ctr. Corp.*, 250 AD2d 435; *cf., National Enters. Corp. v Dechert Price & Rhoads*, 246 AD2d 481).

However, in reaching the merits, we find, upon our review of the record, that defendant-appellant law firm failed to carry its burden as summary judgment movant to demonstrate that its conduct was not the proximate cause of plaintiffs' claimed losses. While the law firm submitted a greater quantity of evidence than it had on the prior motion in support of its contention that the individual plaintiff would not have taken its estate planning advice even if it had been properly given, this evidence was insufficient to establish, as a matter of law, that the individual plaintiff was the sole cause of plaintiffs' claimed losses, and, indeed, sufficed only to create a jury question with respect to comparative negligence. We also find that the question of whether plaintiffs sustained actual losses presents an issue of fact, since it cannot be determined from the present record if plaintiffs will ever be able to pay the taxes assessed or if the taxes were offset by the benefits received while the disallowed estate plan was in effect. Contrary to the law firm's contention, the fact that the estate now lacks liquidity does not mean that it will never be able to pay to remove the tax lien.

The situation here, in which there was testimony that there may be a market for the artwork in the estate's possession some time in the future and the 1988 valuation of the artwork was nearly $12 million, is distinguishable from that of the insured in *Bourget v Government Empls. Ins. Co.* (456 F2d 282), who had no assets and no prospect of ever acquiring any.

Plaintiffs' argument that the interest claim deemed meritless by this Court on the prior appeal should be reinstated is unpersuasive and we adhere to our prior view of the merits on this issue.

We modify solely to dismiss the redundant claims for breach of contract and breach of fiduciary duty, which are predicated on the same allegations and seek relief identical to that sought in the malpractice cause of action (*see, Sage Realty Corp. v Proskauer Rose,* 251 AD2d 35, 38, citing *Santulli v Englert, Reilly & McHugh,* 78 NY2d 700, 706). Contrary to plaintiffs' assumption, it is not the theory behind a claim that determines whether it is duplicative. Concur—Williams, J.P., Ellerin, Lerner, Rubin and Marlow, JJ.