■ TADEUSZ OLSZEWSKI et al., Plaintiffs, v PARK TERRACE GARDENS, INC., et al., Defendants and Third-Party Plaintiffs-Appellants, et al., Third-Party Plaintiffs. PLAZA RESTORATION, INC., Third-Party Defendant-Respondent. [798 NYS2d 1]—

Order, Supreme Court, New York County (Nicholas Figueroa, J.), entered on or about January 8, 2004, which, in an action for personal injuries under Labor Law § 240 (1) against, inter alia, the property's owner, managing agent and general contractor (collectively the owners), and a third-party action for contractual and common-law indemnification by the owners against the subcontractor that employed plaintiff (the employer), as resettled by order of the same court and Justice, entered August 19, 2004, granted the employer's motion for summary judgment dismissing the owners' claims for common-law indemnification, unanimously reversed, on the law, with costs, the motion denied, the owners' claims for common-law indemnification reinstated, and the matter remanded for further proceedings. Appeal from order, same court and Justice, entered August 19, 2004, unanimously dismissed, without costs, for lack of aggrievement. Order, same court and Justice, entered on or about May 27, 2004, which denied the owners' motions pursuant to CPLR 3126

to strike the employer's answer, unanimously affirmed, with costs.

The owners' motion to strike the employer's answer for failure to timely disclose the existence of insurance was properly denied on the ground that such failure was not willful, contumacious or due to bad faith (*see Dauria v City of New York*, 127 AD2d 459, 460 [1987]).

Prior to trial, the motion court sustained the owners' claims against the employer for contractual indemnification, but dismissed their claims for common-law indemnification upon a finding that plaintiff's brain injury is not grave within the meaning of Workers' Compensation Law § 11. A trial was then held resulting in a substantial verdict for plaintiff. Subsequent to trial, this Court reversed the dismissal of the owners' claims for common-law indemnification and reinstated those claims on the ground that the motion court erroneously relied exclusively on plaintiff's bill of particulars in finding that he did not sustain a grave injury (306 AD2d 128 [2003], *lv dismissed* 1 NY3d 622 [2004]). The employer again moved for summary judgment, this time relying, inter alia, on expert evidence adduced at trial by the owners themselves to the effect that plaintiff's brain injury is treatable, does not interfere with his daily activities, and does not render him unemployable, and arguing that the owners are judicially estopped from now taking the contrary position that plaintiff's disability is permanent and total, as required by section 11 for a brain injury to be grave. The trial court did not address that argument, but nevertheless dismissed the common-law indemnification claims on the ground that the trial evidence established that plaintiff's "injuries are no worse than those in *Barbieri v Mount Sinai Hosp.*" (264 AD2d 1 [1st Dept 2000]).

We reject the owners' argument that the employer's second motion for summary judgment was an improper successive motion for summary judgment. The motion clearly raised different arguments and adduced evidence that was not available at the time of the employer's first motion for summary judgment (*see Estate of Nevelson v Carro, Spanbock, Kaster & Cuiffo*, 290 AD2d 399, 399 [2002]). We also reject the owners' argument that this Court's reinstatement of the claims for common-law indemnification established that the issue of grave injury required a trial (*cf. Boston Concessions Group v Criterion Ctr. Corp.*, 250 AD2d 435, 435 [1998]). We also reject the employer's argument that the owners are judicially estopped from arguing that plaintiff did not sustain a grave injury. The doctrine of judicial estoppel does not apply here because, first, the verdict against the owners cannot be considered a ruling in their favor,

and second, the inconsistent positions are being asserted in the same action (*see D & L Holdings v RCG Goldman Co.*, 287 AD2d 65, 71-72 [2001], *lv denied* 97 NY2d 611 [2002]). On the merits, the *Barbieri* case relied on by the motion court in dismissing the owners' claims for common-law indemnification has since been overturned (*see Rubeis v Aqua Club, Inc.*, 3 NY3d 408 [2004]), and the record is insufficient to determine whether plaintiff is unemployable in any capacity (*id.* at 413, 417). Accordingly, we reverse the dismissal of the owners' claims for common-law indemnification, reinstate those claims, and remand for further proceedings on the issue of whether plaintiff's brain injury is grave within the meaning of Workers' Compensation Law § 11.

We have considered the parties' remaining contentions and find them unavailing. Concur—Buckley, P.J., Saxe, Ellerin, Nardelli and Williams, JJ.