(May 24, 2011)

■ SANDRA PIEDRABUENA ABRAMS, Appellant, v DANIELLE PECILE et al., Respondents. EPSTEIN BECKER & GREEN, P.C., Nonparty Appellant. [924 NYS2d 51]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered November 4, 2009, which, to the extent appealed from, granted defendants' motion to dismiss the complaint as against the attorney defendants and defendant Culicea, and awarded said defendants costs and sanctions pursuant to 22 NYCRR part 130, unanimously modified, on the facts, to vacate the awards of costs and sanctions, and otherwise affirmed, without costs.

Causes of action for conversion, replevin, and intentional infliction of emotional distress are stated by plaintiff's allegations that defendant Pecile stole personal and revealing photographs of plaintiff taken by her husband and that she subsequently refused to return the photographs unless the nonparty husband and his company paid $2.5 million to settle sexual harassment and retaliation claims filed with the Equal Employment Opportunity Commission by Pecile and her coworker, defendant Culicea.

The complaint was correctly dismissed as against Culicea, as to whom it alleges in a wholly conclusory fashion that she aided and abetted Pecile's tortious conduct. Moreover, there are no allegations that Culicea ever possessed the photographs or participated in the decision not to return them, and the at-

torney's letter to plaintiff's husband threatening to disseminate the photographs was written on behalf of Pecile only.

The allegations against the law firm and the individual attorney defendant also were correctly dismissed. The complaint contains, at most, wholly conclusory allegations that defendant Wigdor, the attorney for the other individual defendants, knew to be true what plaintiff's husband alleges to be true, that Pecile had stolen one of the two compact discs containing photographs of plaintiff after improperly viewing the contents of the discs. Regardless of how implausible Pecile's claim that she retained one of the discs inadvertently may be, at most the complaint implicitly alleges that Wigdor knew that Pecile's claim was false and that she in fact had stolen them, as plaintiff's husband claims. But any such implicit allegation is wholly conclusory.

Moreover, there is no allegation that Wigdor played the slightest role in any of the actions Pecile took to obtain possession of the discs and photographs in the first place. Of course, Wigdor knew that Pecile had no right to possess the photographs and, as is undisputed, he refused the demand of plaintiff's husband that they be returned immediately. Rather, Wigdor stated that he could not return the photographs because they were evidence of the alleged unlawful conduct of plaintiff's husband, as they indeed are if, as Pecile maintains, he committed the alleged conduct. About two months after the demand was refused, Wigdor turned the photographs over to a third party; he contends that neither he nor his firm ever had possession of the compact disc.

We need not determine whether Wigdor wrongly refused the unconditional demand for the immediate return of the photographs. Even if he should have acceded to the demand, the allegations in the complaint provide no basis for depriving him of immunity from liability "under the shield afforded attorneys in advising their clients, even when such advice is erroneous, in the absence of fraud, collusion, malice or bad faith" (*Purvi Enters., LLC v City of New York*, 62 AD3d 508, 509-510 [2009] [internal quotation marks and citations omitted]). To the extent the complaint alleges fraud, collusion, malice or bad faith on the part of Wigdor, the allegations are wholly conclusory. If the shield does not deflect these allegations, it is so flimsy as to be of little use.

Although we affirm the dismissal of the complaint as against the attorney defendants, we find that the imposition of costs and sanctions for the assertion of those claims is unwarranted. Concur—Andrias, J.P., Friedman, McGuire and Román, JJ.
**[Prior Case History: 2009 NY Slip Op 32567(U).]**