SANDRA PIEDRABUENA ABRAMS, Appellant, v DANIELLE PECILE, Respondent. [983 NYS2d 502]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered May 31, 2012, which, to the extent appealed from as limited by the briefs, granted defendant's motion for summary judgment dismissing the amended complaint, unanimously modified, on the law, to deny the motion as to the causes of action for conversion, replevin, and intentional infliction of emotional distress, and otherwise affirmed, without costs.

The motion court should not have dismissed plaintiff's conversion and replevin claims on the ground that her husband owned the compact disc (CD) and photographs at issue. Plaintiff has a possessory right or interest in the property (*see generally Pap-*

*pas v Tzolis*, 20 NY3d 228, 234 [2012]; *Pivar v Graduate School of Figurative Art of N.Y. Academy of Art*, 290 AD2d 212, 213 [1st Dept 2002]), and there is evidence that defendant has interfered with that right by refusing a demand for the goods (*see State of New York v Seventh Regiment Fund*, 98 NY2d 249, 259 [2002]; *McGough v Leslie*, 65 AD3d 895, 896 [1st Dept 2009]) and by "intermeddling with [the property], beyond the extent of the authority conferred" (*Laverty v Snethen*, 68 NY 522, 524 [1877]). Even if it were necessary for plaintiff to own the property, the photographs are marital property (*see* Domestic Relations Law § 236 [B] [1] [c]-[d]), so plaintiff is a joint owner. Further, plaintiff's affidavit in opposition to defendant's motion at a minimum creates an issue of fact as to whether the CD containing the digital files of the photographs is marital property. It was not necessary for plaintiff to personally demand that defendant return the property; it sufficed that she asked her husband to tell defendant's attorney to return her pictures and that her husband complied (*cf. Boston Concessions Group v Criterion Ctr. Corp.*, 250 AD2d 435 [1st Dept 1998] [plaintiff's *representatives* never demanded that defendant return the allegedly converted equipment]). Nor is it fatal that the parties agreed, after plaintiff commenced this action, that a neutral third party would maintain possession of the CD, USB drives, and photographs pending any subsequent litigation. Since defendant possessed those items at the time plaintiff commenced this action, her replevin claim is valid (*see Sinnott v Feiock*, 165 NY 444, 450 [1901]).

The motion court properly dismissed the trespass to chattels claim because, at her deposition, plaintiff admitted she was not claiming that defendant had damaged any of the images (*see "J. Doe No. 1" v CBS Broadcasting Inc.*, 24 AD3d 215 [1st Dept 2005]; *see also Kronos, Inc. v AVX Corp.*, 81 NY2d 90, 95 [1993]).

It was premature to dismiss the intentional infliction of emotional distress claim, given that defendant had not yet been deposed. Plaintiff cannot establish the elements of her claim without deposing defendant. Indeed, plaintiff does not know the universe of persons to whom defendant showed her "personal and revealing photographs" (*Abrams v Pecile*, 84 AD3d 618, 618 [1st Dept 2011]). "Summary judgment is not justified where the existence of essential facts depends upon knowledge exclusively within the possession of the moving party and which might well be disclosed by . . . examination before trial" (*Baldasano v Bank of N.Y.*, 199 AD2d 184, 185 [1st Dept 1993]). Concur—Acosta, J.P., Renwick, Moskowitz, Freedman and Feinman, JJ.