Hejailan-Amon v Amon (2018 NY Slip Op 02541)





Hejailan-Amon v Amon


2018 NY Slip Op 02541


Decided on April 12, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 12, 2018

Acosta, P.J., Richter, Kapnick, Kahn, Gesmer, JJ.


5992 161488/15

[*1]Tracey Hejailan-Amon, Plaintiff-Appellant,
v
Maurice Alain Amon, et al., Defendants-Respondents, Crozier Fine Arts Inc., Defendant.


Stein Riso Mantel McDonough, LLP, New York (Gerard A. Riso of counsel), for appellant.
Bronstein Van Veen LLC, New York (Peter E. Bronstein of counsel), for Maurice Alain Amon and Artmon Limited, respondents.
The Weinstein Law Firm, PLLC, New York (Andrew J. Weinstein of counsel), for the Heller Group, LLC and Sanford Heller, respondents.



Order, Supreme Court, New York County (Robert R. Reed, J.), entered January 18, 2017, which denied, without prejudice, plaintiff's motion for a preliminary injunction, and granted, without prejudice, defendants' motions to dismiss, unanimously affirmed, without costs.
On November 6, 2015, plaintiff, Tracey Hejailan-Amon, commenced this action seeking temporary and permanent injunctions, the return of certain property, and/or money damages as remedies for her claims of replevin and conversion against all defendants, and breach of fiduciary duty against defendants Sanford Heller and the Heller Group (collectively, the Heller defendants).
Plaintiff (wife) and defendant Maurice Alain Amon (husband) were married in Hong Kong on December 22, 2008, and have lived since then in various locations around the world. Defendant Artmon Limited is a company formed under the laws of the United Kingdom that is controlled and/or owned by the husband. The Heller defendants provide art consulting services. It is undisputed that the Heller defendants provided such services to Artmon pursuant to a written agreement. The wife alleges that they also provided such services to her, but does not claim that there is a written agreement to that effect. The wife does not deny Sanford Heller's statement in his affidavit in support of the motion to dismiss the amended complaint that the written agreements between the Heller defendants and Artmon are "the only art advisory agreements that have ever existed" between the Heller defendants and any of the other litigants in this case. Defendant Crozier Fine Arts is a New York company that provides art storage.[FN1]
The wife makes the following allegations in her amended complaint. The complaint is [*2]focused on approximately 20 artworks worth in excess of $25,000,000, that she describes as "marital property." On or about September 29, 2015, unbeknownst to the wife, the husband commenced a divorce action against her in Monaco. On or about October 6 and 13, 2015, the husband, Artmon and the Heller defendants removed some of the artworks alleged to be marital property from the husband and wife's New York City residence without the wife's knowledge or consent. On October 14, 2015, the wife became aware of the husband's divorce action for the first time.
The wife commenced this action on November 6, 2015. On March 11, 2016, she commenced a divorce action in New York. Supreme Court (Sattler, J.) dismissed the divorce action by order entered on or about October 23, 2016, based on a finding that neither party met the residency requirements of the Domestic Relations Law (§ 230).
In this action, plaintiff moved for a preliminary injunction, and the Heller defendants, the husband and Artmon moved to dismiss the amended complaint. By order entered January 18, 2017, the court (Reed, J.) denied the wife's motion and granted the motions to dismiss, correctly finding that the extent to which the art at issue is marital property or, as defendant contends, his separate property, can only be determined in the course of the parties' divorce proceedings. We now affirm, but for reasons different from those stated by the motion court.
In order to make out a cause of action for conversion, the wife was required to plead, inter alia, that she had legal ownership or a superior right to the property at issue (Aetna Cas. & Sur. Co. v Glass, 75 AD2d 786 [1st Dept 1980]). However, she claims only that the artworks at issue are "marital property," which does not give her a superior right to them as against the husband (see e.g. KS v ES, 39 Misc 3d 1219[A], 2013 NY Slip Op 5064[U], 9-10 [Sup Ct, NY County 2013]; Young v Young, 50 Misc 3d 1212[A], NY Slip Op 50092[U], *2 [Sup Ct, Suffolk County 2016]; compare Abrams v Pecile, 115 AD3d 565 [1st Dept 2014] [plaintiff had a superior right to possession of photographs taken of her by her husband on his camera as against husband's former employee who had refused to return them to husband]). Indeed, her claim that the art is "marital property" can only be determined at the time of divorce. Under New York law, marital property " is a statutory creature, is of no meaning whatsoever during the normal course of a marriage and arises full-grown, like Athena, upon the signing of a separation agreement or the commencement of a matrimonial action'" in New York (O'Brien v O'Brien, 66 NY2d 576, 583 [1985]). The provisions of our Domestic Relations Law permitting a New York divorce court to enjoin the transfer of the parties' property before it is designated as marital or separate, to make such designations, and to distribute marital property only apply in actions to change marital status and proceedings to obtain maintenance or a distribution of marital property following a foreign judgment of divorce (Domestic Relations Law § 236[B][2], [5]). Therefore, the wife's claim that the artwork is marital property cannot be adjudicated in this action. We note that she does not allege that any of the artwork at issue is jointly titled or that any of it was gifted to her. Since the wife's causes of action for conversion and replevin of the artworks are based solely on her claim that they are "marital property," they fail.[FN2]
The cause of action for breach of fiduciary duty against the Heller defendants is based on the wife's claim that the Heller defendants assisted the husband in his alleged conversion of the artworks at issue. Since her claim for conversion fails, her claim for breach of fiduciary duty does as well.
The wife's requests for permanent and temporary injunctions do not survive, since "[a]n injunction is a remedy, a form of relief that may be granted against a defendant when its proponent establishes the merits of its substantive cause of action against that defendant" (Weinreb v 37 Apts. Corp., 97 AD3d 54, 59 [1st Dept 2012]). Moreover, the wife has already [*3]requested, as interim relief, that the Monaco divorce court prohibit the husband from transferring real or personal property without her approval and direct him to return works of art removed from the parties' residences. There is no claim that the Monaco court cannot or will not grant such relief.
Finally, the motion court did not address the parties' jurisdictional claims, nor do we. Moreover, we do not take any position on whether this Court would have jurisdiction over any future dispute between the parties.
We have considered the wife's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 12, 2018
CLERK



Footnotes

Footnote 1:The wife's inclusion of Crozier as a defendant appears to be intended solely to make it subject to any injunctive order she might obtain, since she makes no allegations of wrongdoing by Crozier, but only alleges that artworks at issue in this action were moved to a Crozier storage facility from another facility controlled by the Heller defendants. Crozier submitted an affirmation in support of the Heller defendants' motion to dismiss, noting that it has no contractual relationship with the wife. Crozier has not appeared in this appeal.

Footnote 2:Should a court with jurisdiction over the divorce determine that the wife is entitled to some or all of the artwork, or make a distributive award to her based on its value, the wife's remedy at that time would be to bring a new action to seek enforcement of the divorce decree.