Zegelstein v Roth Law Firm PLLC (2021 NY Slip Op 03396)





Zegelstein v Roth Law Firm PLLC


2021 NY Slip Op 03396


Decided on May 27, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 27, 2021

Before: Gische, J.P., Kern, Oing, Shulman, JJ. 


Index No. 154224/18 Appeal No. 13944 Case No. 2020-03599 

[*1]Ricky Zegelstein, M.D., et al, Plaintiffs-Appellants,
v
The Roth Law Firm PLLC, et al., Defendants-Respondents.


The Law Offices of Tamara M. Harris, PLLC, New York (Tamara M. Harris of counsel), for appellants.
The Roth Law Firm, New York (Richard Roth of counsel), for respondents.



Order, Supreme Court, New York County (W. Franc Perry, J.), entered February 28, 2020, which, inter alia, granted defendants' CPLR 3211(a)(7) motion to dismiss the complaint, unanimously affirmed, without costs.
Supreme Court properly dismissed the legal malpractice claim for failure to state a claim. The ruling of the United States District Court for the Southern District of New York, which dismissed plaintiffs' complaint in the underlying fraud action for failure to state a claim (Zegelstein v Choudhry, 2017 WL 4737263, 2017 US Dist LEXIS 173207 [SD NY 2017]), collaterally estops plaintiffs from arguing that but for defendants' negligence in failing to timely serve the defendant doctors in the underlying action with the summons or timely seek an extension, they would have prevailed in the underlying matter (Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442 [2007]; Weil, Gotshal & Manges, LLP v Fashion Boutique of Short Hills, Inc., 10 AD3d 267, 271-272 [1st Dept 2004]; see Buechel v Bain, 97 NY2d 295, 303-304 [2001], cert denied 535 US 1096 [2002]).
The court considered and properly rejected plaintiffs' alternative argument, that defendants' negligence caused them to sustain damages that they would not have incurred but for defendants' negligence, including pursuing the appeal from the dismissal of the underlying action for failure to timely serve the underlying doctor defendants with summonses (Rudolf, 8 NY3d at 441-442).
The motion court also properly dismissed the breach of contract and breach of fiduciary duty claims as duplicative of the legal malpractice claim. They are both "predicated on the same allegations and seek relief identical to that sought in the malpractice cause of action" (Estate of Nevelson v Carro, Spanbock, Kaster & Cuiffo, 290 AD2d 399, 400 [1st Dept 2002]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 27, 2021