Chazen v Ma (2024 NY Slip Op 00369)

Chazen v Ma

2024 NY Slip Op 00369

Decided on January 30, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 30, 2024

Before: Singh, J.P., Kapnick, Kennedy, Higgitt, Michael, JJ. 

Index No. 656954/22 Appeal No. 1562 Case No. 2023-01141 

[*1]Louise Chazen et al., Plaintiffs-Respondents,
v
Max Ma et al., Defendants-Appellants, 7 Thonline, Inc., Nominal-Defendant.

Kennedys Law LLP, New York (John C. Sullivan of counsel), for appellants.
Trachtenberg & Arena LLP, New York (Stephen Arena of counsel), f0r respondents.

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about January 31, 2023, which, insofar as appealed from, denied defendants' motion to dismiss the complaint, unanimously affirmed, without costs.
Defendants' documentary evidence consisted of three emails that were offered to refute the allegation that defendant Yin no longer worked for the company and/or was paid for a no-show job. Two of the emails were from outside the relevant time period; the third was ambiguous as to this issue. As such, they were insufficient to utterly refute plaintiffs' allegations (Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v Matthew Bender & Co., Inc., 37 NY3d 169, 175, rearg denied, 37 NY3d 1020 [2021]).
The fiduciary duty claims seek both monetary and equitable relief. Here, where the relief sought is primarily monetary in nature, and there is no fraud claim, the three-year statute of limitations period applies, subject of course to applicable COVID-19 tolling (see IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 139-140 [2009]; Kaufman v Cohen, 307 AD2d 113, 119 [1st Dept 2003]).
Contrary to plaintiffs' contention, the open repudiation doctrine does not apply here, as it only applies to equitable fiduciary duty claims (Cusimano v Schnurr, 137 AD3d 527, 530 [1st Dept 2016] ["We reject plaintiffs' claim that the statute of limitations should be tolled by the open repudiation doctrine, which only applies to claims for accounting or equitable relief"]).
Plaintiffs are correct, however, that at least with respect to the claim that defendant Yin has continued to receive payments for a no-show job, including into the limitations period, the claims pertaining to those payments would be tolled under the continuous wrong doctrine (Palmeri v Willkie Farr & Gallagher LLP, 156 AD3d 564, 568 [1st Dept 2017]). Whether that doctrine applies to other aspects of the fiduciary duty claims will have to be developed during the discovery process.
Defendants also argue that several of the tort claims are "duplicative." There is generally no prohibition against pleading alternative tort claims (see generally In re Skat Tax Refund Scheme Litig., 356 F Supp 3d 300, 325 [SD NY 2019]). The cases relied upon by defendants speak rather to whether tort claims may be pleaded alongside contract claims (see e.g. IKB Intl., S.A. v Wells Fargo Bank, N.A., 40 NY3d 277, 290—291 [2023]; Estate of Nevelson v Carro, Spanbock, Kaster & Cuiffo, 290 AD2d 399, 400 [1st Dept 2002]).
Where parallel claims are based on independent sources of duty - here, the
covenant of good faith and fair dealing and Ma's status as an officer of the company -they are not duplicative (see Andersen v Weinroth, 48 AD3d 121, 136 [1st Dept 2007]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 30, 2024