■ EDWARD MURPHY et al., Respondents, v WFP 245 PARK Co., L.P., Respondent, and THE BEAR STEARNS COMPANIES, INC., Appellant, et al., Defendant. BEAR STEARNS & Co., INC., Third-Party Plaintiff-Appellant, v FRASER GOLD CARPET CORP., Third-Party Defendant-Respondent. (And Another Action.) [779 NYS2d 69]—

Order, Supreme Court, Bronx County (Barry Salman, J.), entered October 1, 2003, which granted defendant WFP 245 Park's motion for summary judgment on its cross claim against defendant Bear Stearns for contribution and indemnification, denied Bear Stearns's cross motion for summary judgment dismissing the complaint and all claims against it, denied Bear Stearns's motion for summary judgment against third-party de-

fendant Fraser Gold Carpet, and granted Fraser Gold's motion for summary judgment dismissing the third-party complaint, unanimously modified, on the law, WFP 245 Park's motion with respect to common-law indemnification denied, and otherwise affirmed, without costs.

Fraser Gold, the carpeting subcontractor, had no authority to supervise or control the demolition work that actually gave rise to plaintiff's injuries, and thus any claims against it were properly dismissed (see Walsh v Sweet Assoc., 172 AD2d 111 [1991], lv denied 79 NY2d 755 [1992]). A factual issue remains, however, as to the tenant Bear Stearns's authority to supervise and control the ongoing demolition and renovation work. An issue also exists with regard to plaintiff's Labor Law § 241 (6) claim of a violation of the Industrial Code (12 NYCRR 23-1.7 [e])—specifically, whether the studding over which plaintiff tripped was part of new drywall construction or whether they were studs that had yet to be demolished (see Vieira v Tishman Constr. Corp., 255 AD2d 235 [1998]).

The landlord was entitled to summary judgment on its motion for contractual indemnification since there is no issue of negligence on the part of the landlord. However, in light of factual issues concerning the extent to which Bear Stearns was liable, the issue of common-law indemnification is not yet ripe for adjudication (Correia v Professional Data Mgt., 259 AD2d 60, 65 [1999]). Concur—Nardelli, J.P., Mazzarelli, Andrias, Gonzalez and Sweeny, JJ.