■ EDISSON QUICHIMBO, Respondent, v VORNADO 640 FIFTH AVENUE, L.L.C., et al., Appellants-Respondents, and PAVARINI CONSTRUCTION CO., INC., et al., Respondents-Appellants. (And a Third-Party Action.) [817 NYS2d 898]—

Order, Supreme Court, New York County (Debra A. James, J.), entered October 21, 2005, which, to the extent appealed from as limited by the briefs, granted plaintiff's cross motion for summary judgment as to liability on his Labor Law § 240 (1) claim, denied so much of the motion of defendants Pavarini Construction Co., Inc. and Pavarini McGovern, L.L.C. as sought summary judgment dismissing plaintiff's common-law negligence and Labor Law § 200 claims as against them, and denied so much of the cross motion of defendants Vornado 640 Fifth Avenue, L.L.C. and Vornado Office Management L.L.C. as sought summary judgment on their cross claim for contractual indemnification, unanimously modified, on the law, the motion of the Pavarini defendants granted insofar it seeks dismissal of the common-law negligence and Labor Law § 200 claims as against them, and the cross motion of the Vornado defendants granted insofar as to conditionally award them summary judgment on their cross claim for contractual indemnification, and otherwise affirmed, without costs.

Defendants did not, in response to plaintiff's prima facie showing of entitlement to judgment upon his Labor Law § 240 (1) claim, come forward with evidence sufficient to raise a tri-

able issue. The hearsay adduced in opposition to the motion did not suffice as a ground for the motion's denial (*see Candela v City of New York*, 8 AD3d 45 [2004]).

Plaintiff's common-law negligence and Labor Law § 200 claims as against the Pavarini defendants should, however, have been dismissed since the evidence demonstrated that those defendants did not have sufficient authority or control over the injury-producing work to avoid or correct the hazard at issue (*see O'Sullivan v IDI Constr. Co., Inc.*, 28 AD3d 225 [2006]; *Vasiliades v Lehrer McGovern & Bovis*, 3 AD3d 400 [2004]).

Inasmuch as the contract between Vornado, the owner, and Pavarini, the contractor manager, plainly requires Pavarini to indemnify Vornado for all claims arising out of the performance of the contract work, including those resulting from a negligent act or omission of a subcontractor, and the demolition work plaintiff was performing for his employer, a subcontractor, clearly constituted work under the contract, and inasmuch as Vornado's liability was shown to be purely statutory, Vornado was entitled to a conditional grant of judgment upon its cross claim for contractual indemnification from Pavarini (*see Drzewinski v Atlantic Scaffold & Ladder Co.*, 70 NY2d 774, 777 [1987], citing *Margolin v New York Life Ins. Co.*, 32 NY2d 149, 153 [1973]). Concur—Marlow, J.P., Williams, Gonzalez, Sweeny and Catterson, JJ.