■ JOSEPH COLOZZO et al., Plaintiffs, v NATIONAL CENTER FOUNDATION, INC., Now Known as MURRAY HILL PLACE, INC., et al., Defendants. NATIONAL CENTER FOUNDATION, INC., Now Known as MURRAY HILL PLACE, INC., Third-Party Plaintiff, and TISHMAN CONSTRUCTION CORPORATION OF NEW YORK, Third-Party Plaintiff-Respondent, v HERITAGE AIR SYSTEMS, INC., Third-Party Defendant-Appellant, et al., Third-Party Defendant. [817 NYS2d 256]—

Judgment, Supreme Court, New York County (Rosalyn Richter, J.), entered November 21, 2005, which, to the extent appealed from as limited by the brief, upon the grant of third-party plaintiff Tishman Construction Corporation's motion for summary judgment upon its claim for contractual indemnification, entitled Tishman to indemnification from third-party defendant Heritage Air Systems for any recovery against Tishman in the main action as well as attorneys' fees expenses, costs and disbursements incurred by Tishman in defending the main action, unanimously affirmed, without costs.

Although on its face, the indemnity provision relied upon by Tishman runs afoul of General Obligations Law § 5-322.1, Tishman may nonetheless enforce it since the evidence established that plaintiff's injuries were not attributable to negligence on its part and that its liability was vicarious and purely statutory (*see Brown v Two Exch. Plaza Partners*, 76 NY2d 172, 180 [1990]; *Linarello v City Univ. of N.Y.*, 6 AD3d 192, 193-194 [2004]; *Masciotta v Morse Diesel Intl.*, 303 AD2d 309, 311-312 [2003]). Tishman demonstrated that it did not exercise supervision or control over the specific work being performed by plaintiff at the time of his accident (*see Reilly v Newireen Assoc.*, 303 AD2d 214, 219 [2003], *lv denied* 100 NY2d 508 [2003]) and that it had neither actual nor constructive notice of the allegedly unsafe condition (*see Mitchell v New York Univ.*, 12 AD3d 200, 201 [2004]). Although Tishman, as construction manager, had responsibility for coordinating and scheduling the trades at the work site, it was not invested with the requisite level of direction and control over the injury-producing work or the relevant attendant circumstances to support the imposition of liability against it on a negligence theory (*see De La Rosa v Philip Morris Mgt. Corp.*, 303 AD2d 190, 192 [2003]; *Loiacono v Lehrer McGovern Bovis*, 270 AD2d 464 [2000]).

We have considered Heritage's remaining arguments and find them unavailing. Concur—Andrias, J.P., Marlow, Sweeny, McGuire and Malone, JJ.