THE NEIGHBORHOOD PARTNERSHIP HOUSING DEVELOPMENT FUND et al., Appellants, v BLAKEL CONSTRUCTION CORP. et al., Respondents, et al., Defendants. [824 NYS2d 89]—

Order, Supreme Court, Bronx County (Gerald V. Esposito, J.), entered April 6, 2005, which, to the extent appealable, denied renewal of plaintiffs' prior summary judgment motion on the ground of collateral estoppel, unanimously reversed, on the law, without costs, to grant renewal and, upon renewal, plaintiffs' motion granted to the extent of awarding plaintiff Neighborhood Partnership Housing Development Fund (Neighborhood) summary judgment upon its claim for contractual indemnification as against defendants Blakel Construction Corp. (Blakel) and Inner City Drywall (Inner City), and awarding plaintiff F & S Real Estate Development Corp. (F & S) summary judgment upon its claim for contractual indemnification as against Blakel, and the motion otherwise denied.

The denial of plaintiffs' motion for summary judgment in the underlying action was not collateral estoppel as to the instant

motion in this declaratory judgment action. The denial of a motion for summary judgment is not a bar to a similar motion in a subsequent action because it is not an adjudication on the merits (*see Clearwater Realty Co. v Hernandez*, 256 AD2d 100, 101 [1998]). The motion in the underlying action also did not concern defendant Inner City. Furthermore, it was the understanding of the parties, as reflected by the transcript of the settlement in the underlying action, that the instant action asserting third-party claims for indemnification would continue.

The indemnification provisions in the relevant construction contracts are enforceable since there is no evidence of active negligence on the part of either Neighborhood or F & S (*see Colozzo v National Ctr. Found., Inc.*, 30 AD3d 251 [2006]). Neighborhood's representative testified only that its representative performed walk-through inspections, and F & S's representative testified that he visited the site to "see the progress of the work" and did not direct work at the site. In opposition to the summary judgment motion, defendants adduced no evidence that plaintiffs exercised supervision or control over the injury-producing work, or that they furnished the scaffold in question. Although defendants argue that F & S had the right to stop the work, pointing to section 2.3.1 of the contract among the owner, sponsor and contractor, that section merely provides that if the contractor failed to correct work not in accordance with the contract documents, the owner, by a written order, had the right (but not the duty) to order the contractor to stop the work, or any portion thereof, until the cause for any such order had been eliminated. That was not the situation here. Furthermore, the stipulation entered on the record at the time of the settlement of the underlying action, provided that "Neighborhood Partnership and F & S have not contributed towards the bodily injury action."

Plaintiffs Neighborhood and F & S are entitled to contractual indemnification from Blakel (*see Quichimbo v Vornado 640 Fifth Ave., L.L.C.*, 30 AD3d 194 [2006]). Neighborhood, which is defined as the "owner" in the subcontract agreement, is also entitled to be indemnified by Inner City. F & S, however, is not among the parties Inner City contractually agreed to indemnify, and, accordingly, is not entitled to contractual indemnification from Inner City.

On this record, the issue of common-law indemnity cannot be determined. Although Blakel and Inner City entered into a stipulation in the Maldonado action, pursuant to which Inner City paid $700,000 and Blakel $50,000, the transcript of the settlement contained in the record on appeal is incomplete and it

cannot be assumed that Blakel and Inner City admitted liability in the percentages that their respective settlement amounts appear to indicate. In light of factual issues concerning the extent to which Blakel and Inner City are respectively liable, summary judgment on plaintiffs' common-law indemnification claims cannot be granted (*see Murphy v WFP 245 Park Co., L.P.*, 8 AD3d 161 [2004]). Furthermore, at least as to Inner City, a question of fact exists as to whether liability may be imposed on a theory of common-law indemnification, since the underlying action was commenced after 1996 and the record on appeal does not contain information sufficient to ascertain whether the plaintiff in that action suffered "grave injury" within the definition of the Worker's Compensation Law (*see* Workers' Compensation Law § 11).

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Tom, J.P., Andrias, Saxe, Marlow and Nardelli, JJ.