■ TADEUSZ OLSZEWSKI et al., Plaintiffs, v PARK TERRACE GARDENS, INC., et al., Defendants. PARK TERRACE GARDENS, INC., et al., Third-Party Plaintiffs-Respondents, v PLAZA RESTORATION, INC., Third-Party Defendant-Appellant. [852 NYS2d 84]—

Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), entered February 9, 2007, awarding defendants/third-party plaintiffs property owner, managing agent and general contractor (owners) $12,404,109.59 on their claims for common-law indemnification against third-party defendant subcontractor (employer), and bringing up for review an order, same court and Justice, entered January 5, 2007, which granted the owners' motion for summary judgment on their claims against the employer for common-law indemnification, and denied the employer's cross motion for summary judgment dismissing the third-party complaint, unanimously reversed, on

the law, without costs, and vacated, and the owners' motion denied. Appeal from the aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The court erred in granting summary judgment to the owners on their claims for common-law indemnification against the employer without proof that plaintiff sustained a "grave injury" within the meaning of the Workers' Compensation Law (*see* Workers' Compensation Law § 11; *Neighborhood Partnership Hous. Dev. Fund v Blakel Constr. Corp.*, 34 AD3d 303, 305 [2006]). We therefore once again remand for further proceedings to determine whether plaintiff's brain injury is grave within the meaning of the Workers' Compensation Law (*see* 18 AD3d 349 [2005]).

The court properly found that the issue of the owners' liability was determined in their favor in a previous proceeding in which they were granted judgment on their third-party claims against the employer for contractual indemnification (*see* 306 AD2d 128 [2003]) and that therefore there was no reason to undertake any apportionment of liability (*see Colozzo v National Ctr. Found., Inc.*, 30 AD3d 251 [2006]). Concur—Lippman, P.J., Andrias, Nardelli, Buckley and Acosta, JJ. [*See* 14 Misc 3d 1223(A), 2006 NY Slip Op 52548(U).]