■ JOHN FRANCESCON, Respondent-Appellant, v GUCCI AMERICA, INC., Also Known as GUCCI SHOPS, INC., et al., Respondents. (And a Third-Party Action.) GUCCI AMERICA, INC., Also Known as GUCCI SHOPS, INC., et al., Second Third-Party Plaintiffs-Respondents, v FLOORING SOLUTIONS, INC., Second Third-Party Defendant-Appellant-Respondent. FLOORING SOLUTIONS, INC., Fourth-Party Plaintiff-Appellant-Respondent, v CONSOLIDATED CARPET TRADE WORKROOM, INC., et al., Fourth-Party Defendants-Respondents. [897 NYS2d 73]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered January 22, 2009, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing plaintiff's Labor Law § 200 and common-law negligence claims, and for summary judgment on their remaining claims for contractual indemnification against second third-party defendant Flooring Solutions; denied without prejudice Flooring Solutions' motion for summary dismissal of plaintiff's Labor Law § 241 (6) claims, and denied as premature summary judgment on its claim for common-law indemnification against the fourth-party Consolidated Carpet defendants; and granted plaintiff's motion to supplement or amend his bill of particulars post-note of issue and to compel defendants' acceptance of a belated expert disclosure, unanimously modified, on the law, those portions of defendants' motion for summary dismissal of plaintiff's statutory and common-law negligence causes of action, as well as summary judgment on their contractual indemnification claim against Flooring Solutions, denied, and otherwise affirmed, without costs.

Plaintiff, an employee of a stone and marble subcontractor, was injured at a store under construction when he allegedly stepped on a piece of loose carpeting described as debris that lay over the border between a floor and the subfloor 15 inches below. The record discloses triable factual issues as to whether defendants had constructive notice of the presence of the loose

carpeting. The court properly granted plaintiff's motion, brought after he filed the note of issue, to supplement his bill of particulars with allegations of the violation of two additional Industrial Code provisions and to compel the acceptance of his new expert disclosure. Although the accident occurred 8½ years before plaintiff moved to amend, Flooring Solutions has not shown it would be prejudiced by the amendment (*see Sahdala v New York City Health & Hosps. Corp.*, 251 AD2d 70 [1998]). The additional alleged violations of the Code are based on facts in the record, and the court appropriately vacated the note of issue and granted Flooring Solutions additional discovery in connection therewith. Contrary to Flooring Solutions' contention, the belated expert disclosure does not assert a new theory of causation. Plaintiff's deposition testimony was unclear as to whether he had stepped on an extended portion of the subfloor carpet or on a piece of carpet draped over the step-off area. However, it is not entirely his fault that defendants failed to clarify this issue at the deposition. In any event, there is evidence in the record that reasonably supports the expert's piece-of-carpet theory.

Since issues of fact remain whether any negligence on Consolidated Carpet's part proximately caused plaintiff's injuries, summary judgment in Flooring Solutions' favor on its claim for common-law indemnification against Consolidated Carpet was properly held not yet ripe for adjudication (*see Murphy v WFP 245 Park Co., L.P.*, 8 AD3d 161 [2004]). But since liability under Labor Law § 241 (6), predicated on the newly-specified Industrial Code provisions, has yet to be determined, summary judgment in defendants' favor on their contractual indemnification claims against Flooring Solutions was also premature (*see Bellefleur v Newark Beth Israel Med. Ctr.*, 66 AD3d 807, 808-809 [2009]). Concur—Andrias, J.P., Catterson, Renwick, DeGrasse and Manzanet-Daniels, JJ. **[Prior Case History: 2009 NY Slip Op 30123(U).]**