■ WILLIAM J. HOWARD, Respondent-Appellant, v TURNER CONSTRUCTION COMPANY et al., Appellants-Respondents. TURNER CONSTRUCTION COMPANY et al., Third-Party Plaintiffs-Respondents, v HIGH RISE FIRE PROTECTION CORPORATION, Third-Party Appellant-Respondent. (And Other Third-Party Actions.) [21 NYS3d 251]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered December 13, 2013, which granted plaintiff's motion for partial summary judgment on his Labor Law § 240 (1) claim as against defendants Turner Construction Company (Turner) and AI 229 West 43rd Street Property Owner, LLC (AI 229) (collectively, defendants), unanimously affirmed, without costs. Order, same court and Justice, entered December 13, 2013, which, to the extent appealed from, denied so much of defendants' motion for summary judgment as sought to dismiss the Labor Law §§ 240 (1) and 241 (6) claims and third-party defendant High Rise Fire Protection Corporation's counterclaim for common-law indemnification as against them, and granted so much of the motion as sought to dismiss the Labor Law § 200 and common-law negligence claims as against them, unanimously modified, on the law, to grant defendants' motion as to High Rise's counterclaim, and otherwise affirmed, without costs.

Plaintiff's deposition testimony establishes that a proximate cause of his injury was his inability to open properly the 12- to 14-foot A-frame ladder from which he fell, because a pile of sheetrock was being stored on the floor where he was working (*see Keenan v Simon Prop. Group, Inc.*, 106 AD3d 586, 588 [1st Dept 2013]). Thus, contrary to defendants' contention, plaintiff was not the sole proximate cause of his accident, and any negligence on his part in leaning an unopened A-frame ladder against the wall is not a defense to his Labor Law § 240 (1) claim (*Torres v Monroe Coll.*, 12 AD3d 261 [1st Dept 2004]). Nor does it avail defendants that the ladder was not defective, since it is undisputed that the ladder was "unsecured" (*see e.g. McCarthy v Turner Constr., Inc.*, 52 AD3d 333 [1st Dept 2008]).

In view of the foregoing, plaintiff's Labor Law § 241 (6) claim is academic (*Jerez v Tishman Constr. Corp. of N.Y.*, 118 AD3d 617 [1st Dept 2014]).

Third-party defendant High Rise is not aggrieved by the dismissal of plaintiff's Labor Law § 200 and common-law negligence claims (*see* CPLR 5511).

Plaintiff's arguments in support of reinstating his Labor Law § 200 and common-law negligence claims are unpreserved for appellate review, since he failed to oppose the part of defendants' motion that sought summary dismissal of those claims (*see Lally v New York City Health & Hosps. Corp.*, 277 AD2d 9, 10 [1st Dept 2000], *appeal dismissed* 96 NY2d 896

[2001]). In any event, dismissal is warranted, since plaintiff's injury was caused by the manner and means of his work, including the equipment he used, and plaintiff was supervised solely by his employer's foreman. The daily presence of one of Turner's superintendents exercising "general supervisory authority at the work site" is insufficient to warrant the imposition of liability under Labor Law § 200 on Turner (*Vaneer v 993 Intervale Ave. Hous. Dev. Fund Corp.*, 5 AD3d 161, 163 [1st Dept 2004]).

High Rise's counterclaim for common-law indemnification must be dismissed because, as indicated by the dismissal of plaintiff's Labor Law § 200 and common-law claims, there is no evidence that defendants were negligent or exercised actual supervision or control over the injury-producing work (*Naughton v City of New York*, 94 AD3d 1, 10 [1st Dept 2012]).

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Friedman, J.P., Andrias, Gische and Kapnick, JJ.