Balcazar v Commet 380, Inc. (2021 NY Slip Op 06030)





Balcazar v Commet 380, Inc.


2021 NY Slip Op 06030


Decided on November 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 04, 2021

Before: Acosta, P.J., Renwick, Kapnick, Kennedy, Mendez, JJ. 


Index No. 151191/14 595256/14 Appeal No. 14550 Case No. 2021-00052 

[*1]Carlos Balcazar, Plaintiff,
v
Commet 380, Inc., et al., Defendants-Respondents. Commet 380, Inc., et al., Third-Party Plaintiffs-Respondents,


Law Office of Victoria A. Turchetti, New York (Richard T. Bogle of counsel), for The Ergonomic Group, Inc., appellant.
McGaw, Alventosa & Zajac, Jericho (Andrew Zajac of counsel), for Q International Courier, Inc., appellant.
Hannum Feretic Prendergast & Merlino, LLC, New York (David P. Feehan of counsel), for respondents.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered on or about January 4, 2021, which, inter alia, denied the motion of third-party defendant Q International Courier, Inc. d/b/a Quick International Courier (Quick) for summary judgment dismissing the third-party claims of defendants Commet 380, Inc. (Commet 380), Solow Management Corp. (Solow), and Tag 380 LLC (Tag 380) (collectively Owner Defendants) for common-law indemnification and contribution against it, and the cross claim of third-party defendant The Ergonomic Group (Ergonomic) for common-law indemnification and contribution against it, and denied Ergonomic's motion for summary judgment dismissing Owner Defendants' third-party claims for common-law indemnification and contribution against it, unanimously modified, on the law, Ergonomic's motion granted, requiring dismissal of Owner Defendants' claims for common-law indemnification and contribution against it, as well as Ergonomic's claim for common-law indemnification and contribution against Quick, as academic, and otherwise affirmed, without costs.
Plaintiff fell off a ladder while performing electrical work during a project involving the removal of computer equipment and furniture from the fourth floor of 380 Madison Avenue, after a tenant, nonparty Investment Technology Group (ITG), vacated several floors of the building. The room in which plaintiff was working was a large communication room with a raised floor. The floor was raised to provide space for the cables and wires of the computer equipment to run through. The sub-floor area was accessed by the removal of floor tiles, and plaintiff claims that he fell when one of the legs of his ladder went through a hole created by the removal of a floor tile to access the sub-floor area.
The building was owned and managed by Owner Defendants. ITG, the former tenant, had hired Ergonomic to facilitate the removal of computer racks and furniture from the spaces it vacated. Ergonomic subcontracted Quick to perform the work, and Quick, in turn, subcontracted plaintiff's employer, Atlas-Acon Electric Service Corp. (Atlas) to do the electrical dismantling work.
Ergonomic's motion for summary judgment dismissing Owner Defendants' third-party claims for common-law indemnification and contribution should have been granted. There was no evidence that Ergonomic was negligent or that it exercised actual supervision or control over the injury-producing work. Ergonomic did not perform any of the physical work and was not onsite at the time of the accident. To the extent it might have had authority to supervise the injury producing work, it never exercised such authority, but rather, had subcontracted such contractual duties to Quick, which actually directed and supervised the work (see McCarthy v Turner Constr., Inc., 17 NY3d 369, 377-378 [2011]). The fact that Ergonomic scheduled and coordinated Quick's and Atlas's work is insufficient to give rise to liability, as the coordinating and [*2]scheduling of trades at work sites do not rise to the level of supervision and control necessary to impose liability under a negligence theory (see Naughton v City of New York, 94 AD3d 1, 10 [1st Dept 2012]; Colozzo v National Ctr. Found., Inc., 30 AD3d 251 [1st Dept 2006]).
Quick's motion for summary judgment was properly denied. As Quick actually directed and supervised the work, it may be held liable for common-law indemnification if found negligent. We find triable issues of fact as to its negligence, including whether plaintiff fell due to a newly removed floor tile while he was on the ladder, or due to an exposed opening resulting from Quick's removal of equipment. As to the former, an issue of fact exists as to whether Quick's employees removed it. While Quick claims that it did not remove tiles as part of its work, plaintiff had testified that Atlas was done with its electrical dismantling work on the day of the accident, that only he and his supervisor were onsite that day, and that the other workers were removing pipes and cables from the sub-floor. Quick's contention that any conclusion that it removed the tile would be based on rank speculation is unavailing, as the record shows that only Quick and Atlas performed work in the communication room. As to the latter, an issue of fact exists as to whether Quick could have covered the holes to avoid a dangerous condition.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 4, 2021