Zherka v Hudson Meridian Constr. Group LLC (2022 NY Slip Op 03704)

Zherka v Hudson Meridian Constr. Group LLC

2022 NY Slip Op 03704

Decided on June 07, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 07, 2022

Before: Gische, J.P., Webber, Singh, González, Pitt, JJ. 

Index No. 27365/18 Appeal No. 16096 Case No. 2021-03468 

[*1]Ilir Zherka, Plaintiff-Respondent,
v
Hudson Meridian Construction Group LLC et al., Defendants-Appellants.

Coffey Modica O'Meara Capowski, LLP, White Plains (John F. Watkins of counsel), for appellants.
Chirico Law PLLC, Brooklyn (Vincent Chirico of counsel), for respondent.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered September 7, 2021, which granted plaintiff's motion for summary judgment on the issue of liability on his Labor Law §§ 240(1) and 200 and common-law negligence claims, unanimously modified, on the law, to deny the motion as to the Labor Law § 200 and common-law negligence claims, and otherwise affirmed, without costs.
Defendants do not dispute that the beam fell on plaintiff due to the absence or inadequacy of a safety device (see Narducci v Manhasset Bay Assoc., 96 NY2d 259, 268 [2001]). However, they failed to submit evidence in support of their contention that plaintiff was the sole proximate cause of the accident because he failed to heed the general contractor's instruction to stop work until the proper devices were obtained. They did not proffer any evidence disputing plaintiff's testimony that his work crew was already raising the beam when he arrived, and the recalcitrant worker defense is inapplicable in view of the undisputed fact that no adequate safety devices were provided (see Stolt v General Foods Corp., 81 NY2d 918, 920 [1993]; Plaku v 1622 Van Buren LLC, 198 AD3d 431, 432 [1st Dept 2021]).
Summary judgment on the Labor Law § 200 and common-law negligence claims should have been denied. Contrary to the court's finding, plaintiff's injuries arose from the manner in which the work was performed, not a dangerous premises condition (see Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 144 [1st Dept 2013]). Plaintiff's employer had control over its employees in the performance of its contractual obligations pursuant to its subcontract with general contractor Hudson Meridian Construction Group, LLC, and plaintiff failed to establish prima facie that Hudson supervised those workers (see Rivera v 11 W. 42 Realty Invs., L.L.C., 176 AD3d 587, 588 [1st Dept 2019]; Cappabianca, 99 AD3d at 144). Rather, plaintiff's proof supports a finding that Hudson had only general supervisory authority, which is insufficient to impose liability (see Howard v Turner Constr. Co., 134 AD3d 523, 525 [1st Dept 2015]; Hughes v Tishman Constr. Corp., 40 AD3d 305, 306 [1st Dept 2007]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 7, 2022