Castillo v TRM Contr. 626, LLC (2022 NY Slip Op 06886)

Castillo v TRM Contr. 626, LLC

2022 NY Slip Op 06886

Decided on December 06, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 06, 2022

Before: Renwick, J.P., Manzanet-Daniels, Gesmer, Kennedy, Shulman, JJ. 

Index No. 23185/19E Appeal No. 16801 Case No. 2022-00671 

[*1]Noel Castillo, Plaintiff-Respondent,
v
TRM Contracting 626, LLC, et al., Defendants-Appellants. (And a Third-Party Action.)

Gallo Vitucci Klar LLP, New York (C. Briggs Johnson of counsel), for appellants.
Shayne, Dachs, New York (Jonathan A. Dachs of counsel), for respondent.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered August 20, 2021, which granted plaintiff's motion for partial summary judgment on Labor Law § 240(1) liability, unanimously affirmed, on the law, without costs.
Plaintiff testified that he fell from a six- to eight-foot-tall A-frame ladder that was in poor condition while trying to cover a window with plastic in preparation for painting. Plaintiff leaned the ladder against the wall in a closed position because there were large, heavy boxes preventing plaintiff from fully opening his ladder.
Plaintiff's showing that he fell from a ladder that was unsecured and leaning against the wall in a closed position because he had been unable to open it properly due to obstructions in the workplace established his prima facie entitlement to summary judgment on the issue of liability on his Labor Law § 240(1) claim. It is well settled that a statutory violation is established if a scaffold or ladder shifts, slips, or collapses, thereby causing injury to a worker (see Panek v County of Albany, 99 NY2d 452, 458 [2003]). This rule pertains to a fall from a ladder in a closed position where, as here, the conditions of the workplace make it impossible for the worker to place the device in an open, secure position (see Howard v Turner Constr. Co., 134 AD3d 523 [1st Dept 2015]; Keenan v Simon Prop. Group, Inc., 106 AD3d 586 [1st Dept 2013] [the plaintiff was entitled to partial summary judgment on his section 240(1) claim where he was injured falling from an A-frame ladder that he was unable to open fully due to the presence of debris in the work area]). Cutaia v Board of Mgrs. of the 160/170 Varick St. Condominium (38 NY3d 1037 [2022]) and Nazario v 222 Broadway, LLC (28 NY3d 1054 [2016]) are distinguishable insofar as they involved questions as to whether the plaintiffs' injuries were attributable to falls from ladders, i.e., resulting from the application of the force of gravity, or were exclusively caused by electrical shocks.
Defendants, in turn, fail to raise an issue of fact sufficient to defeat summary judgment. The affidavit from TRM's principal was conclusory and insufficient to raise an issue of fact as to whether there was sufficient space for plaintiff to open and place his A-frame ladder at the time of the accident. The principal fails to recite any facts actually describing the location where plaintiff was attempting to work at the time of the accident; establishing that he knew plaintiff had been working in the right corner of the room, facing the wall, with the window and boxes to his left, as described in plaintiff's deposition testimony; or establishing how he determined that the A-frame ladder could have been fully-opened and secured in that location. Notably, the principal does not deny the presence of the obstructing boxes and construction materials plaintiff identified. The principal's bald assertion that plaintiff was authorized to and should have moved the materials was speculative [*2]and insufficient to refute plaintiff's testimony that he had been instructed not to do so.
Finally, we reject for three reasons defendants' argument that plaintiff's motion is premature since they had not yet taken the deposition of Freddie, the foreman employed by Park Avenue Paint who supervised plaintiff. First, the unrebutted testimony shows that Freddie was not at the job site on the date of plaintiff's accident, so it is unlikely that he would have any relevant information. Second, there is no indication in the record that defendants ever noticed Freddie's deposition. Third, defendants claim that their interest in deposing Freddie is demonstrated by two long email strings attached to their motion papers. However, Freddie is not mentioned at all in the correspondence; the only reference is to a request for a representative to testify on behalf of Park Ave Paint. Therefore, defendants have not met their burden of showing either that Freddie would give relevant testimony or that they believed his testimony was relevant. Accordingly, we decline to find that plaintiff's motion was premature. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 6, 2022