Malan v FSJ Realty Group II LLC (2023 NY Slip Op 00939)

Malan v FSJ Realty Group II LLC

2023 NY Slip Op 00939

Decided on February 16, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 16, 2023

Before: Renwick, J.P., Oing, Mendez, Rodriguez, Pitt-Burke, JJ. 

Index No. 26484/15 Appeal No. 17346-17347 Case No. 2021-04057 2022-01492 

[*1]Manuel Malan, Plaintiff-Appellant-Respondent,
v
FSJ Realty Group II LLC, et al., Defendants-Respondents, S&S Concrete Pumping Corporation, Defendant-Respondent-Appellant, S&S Concrete Construction, Inc., Defendant.
FSJ Realty Group II LLC, Third-Party Plaintiffs-Respondents,
v
S&S Concrete Pumping Corporation, Third-Party Defendant-Respondent-Appellant, S&S Concrete Construction, Inc., Third-Party Defendant.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Jillian Rosen of counsel), for appellant-respondent.
Goetz Schenker Blee & Wiederhorn LLP, New York (Lisa De Lindsay of counsel), for respondent-appellant.
Smith Mazure, P.C., New York (Louise M. Cherkis of counsel), for respondents.

Judgment, Supreme Court, Bronx County (Lucindo Suarez, J.), entered March 15, 2022, dismissing the amended complaint and all cross claims as against defendants FSJ Realty Group 11 LLC (FSJ) and Vartel NY Construction Corp.'s (Vartel), and bringing up for review an order, same court and Justice, entered on or about October 13, 2021, which granted FSJ's and Vartel's cross motion for summary judgment dismissing the amended complaint and all cross claims as against them, denied plaintiff's cross motion for partial summary judgment on his Labor Law §§ 240(1) and 241(6) claims, granted so much of defendants S&S Concrete Pumping Corporation's (S&S) motion for summary judgment dismissing those claims, granted plaintiff's cross motion for summary judgment on his Labor Law § 200 claim as against S&S and denied so much of S&S's motion for summary judgment dismissing that claim, unanimously modified, on the law, the judgment vacated, plaintiff's Labor Law §§ 240(1) and 241(6) claims reinstated as against FSJ and Vartel, plaintiff's cross motion for partial summary judgment on the Labor Law § 240(1) claim as against FSJ and Vartel granted, plaintiff's cross motion for summary judgment against S&S on the Labor Law § 200 claim denied, and the third-party claims reinstated, and otherwise affirmed, without costs. Appeal from the October 13, 2021, order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiff, a concrete laborer, established prima facie entitlement to partial summary judgment on his Labor Law § 240(1) claim where he was struck by a 10-foot section of cement hose that was allegedly dropped by a worker from an open second-floor level of the building under construction (see e.g. Albuquerque v City of New York, 188 AD3d 515 [1st Dept 2020]; Pados v City of New York, 192 AD3d 596 [1st Dept 2021]). A cement pour had just taken place on the second-floor level when plaintiff took a ladder down from the second floor and was hit by the object just as he was stepping away from the ladder at ground level. Plaintiff's prima facie case was not dependent on whether he had observed what hit him, or whether the object in question was "dropped or fell in some other manner" (Pados, 192 AD3d 596; see also Fuentes v YJL Broadway Hotel, LLC, 210 AD3d 552 [1st Dept 2022]). Plaintiff was not in a "drop zone" when injured, and FSJ's project manager and S&S's owner testified that the object should not have been dropped (see e.g. Albuquerque v City of New York, 188 AD3d 515). Defendants' evidence in opposition failed to raise a triable issue.
Plaintiff's Labor Law § 241(6) claim is academic in light of the grant of partial summary judgment on his Labor Law § 240(1) claim (see e.g. Howard v Turner Constr. Co., 134 AD3d 523, 524 [1st Dept 2015]).
Plaintiff's appellate arguments for partial summary judgment on his Labor Law §§ 240(1) and 241(6) claims as against S&S are unpreserved for review, as he did not seek such relief before the motion [*2]court as against S&S, or oppose S&S's motion for summary judgment dismissing those claims.
Plaintiff did not establish prima facie entitlement to summary judgment on his Labor Law § 200 claim as against S&S, as it was founded upon hearsay evidence as to who was responsible for the falling cement hose (see generally Quichimbo v Vornado 640 Fifth Ave., L.L.C., 30 AD3d 194, 194-195 [1st Dept 2006]). Nevertheless, dismissal of the claim is unwarranted because there was admissible evidence supporting a
reasonable inference that S&S employees were responsible for the cement hose equipment (see generally Bishop v Mauer, 106 AD3d 622, 622 [1st Dept 2013]; Clarke v Empire Gen. Contr. & Painting Corp., 189 AD3d 611, 612 [1st Dept 2020]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 16, 2023