| |
|---|
| **Moncada v Superior Design Assoc. LLC** |
| 2025 NY Slip Op 30024(U) |
| January 3, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 157234/2022 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:　　**HON. MARY V. ROSADO**

　　　　　　　　　　　　　　　　　　　*Justice*

-------------------------------------------------------------------------X

PERFECTO J. MONCADA,

　　　　　　　　Plaintiff,

　　　　- v -

SUPERIOR DESIGN ASSOCIATES LLC,HILSON
MANAGEMENT CORP., 390 FIFTH LLC.,

　　　　　　　　Defendant.

-------------------------------------------------------------------------X

HILSON MANAGEMENT CORP., 390 FIFTH LLC.

　　　　　　　　Plaintiff,

　　　　-against-

ES SERVICE GROUP INC.,

　　　　　　　　Defendant.

-------------------------------------------------------------------------X

| | |
|---|---|
| PART | 33M |
| INDEX NO. | 157234/2022 |
| MOTION DATE | 02/14/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595572/2023

The following e-filed documents, listed by NYSCEF document number (Motion 002) 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 63, 67, 68, 71, 72, 73, 76, 77, 78, 79

were read on this motion to/for　　　　　　　PARTIAL SUMMARY JUDGMENT　　　　.

Upon the foregoing documents, and after a final submission date of August 27, 2024, Plaintiff Perfecto J. Moncada's ("Plaintiff") motion for partial summary judgment on his Labor Law § 240(1) and 241(6) claims against Defendants Superior Design Associates LLC ("Superior"), Hilson Management Corp. ("Hilson") and 390 Fifth LLC ("390 Fifth") (collectively "Defendants") is granted in part and denied in part.

## I.　　Background

Plaintiff was injured on October 17th, 2019, while working at a job site at 390 Fifth Avenue, New York, New York (the "Premises") (NYSCEF Doc. 44 at 39 and 50). Plaintiff was

**157234/2022  MONCADA, PERFECTO J. vs. SUPERIOR DESIGN ASSOCIATES LLC ET AL**
**Motion No.  002**

**Page 1 of 5**

employed by third-party Defendant ES Service Group Inc. ("ES"). Plaintiff was provided with a ladder and paint and was instructed to paint fire sprinklers, which were 15 to 18 feet high (*Id.* at 57-58; 65). Plaintiff used a ten-foot A-frame ladder to reach the sprinklers (*Id.* at 63 and 66). Plaintiff testified he had to set up a ladder near an air conditioner vent, and the ladder was unable to open fully due to the presence of desks, computers, printers, and the vent in his work area (*Id.* at 69 – 71). Plaintiff testified that he had complained previously about furniture preventing ladders from fully opening at the worksite (*Id.* at 117-18). He ascended the ladder to the second to last rung when he and the ladder fell (*Id.* at 79-80).

Stefen Goe, a representative of Superior, testified that Superior was the general contractor and employed a foreman named Robert was responsible for coordinating painting staff at the Premises and to ensure the work was being completed appropriately (*Id.* at 17-8; 22). Plaintiff's employer, ES, was Superior's subcontractor (*Id.* at 29). Mr. Goe testified that 390 Fifth owned the Premises and Hilson managed the Premises (*Id.* at 26). Mr. Goe testified that a representative from Hilson would attend weekly progress meetings but otherwise was uninvolved with the ongoing work. Mr. Goe testified that safety was never discussed at the weekly meetings, but he would walk the Premises and look for safety issues (*Id.* at 51). Mr. Goe admitted that Superior had the authority to enforce safety standards and to stop ES employees work if it was being done in an unsafe manner (*Id.* at 52). Mr. Goe admitted that A-frame ladders should always be used fully opened and should not be used if they are closed and leaning (*Id.* at 53).

Plaintiff now seeks summary judgment on his Labor Law § 240(1) claim.[1] Plaintiff argues he is entitled to partial summary judgment on his § 240(1) claim because he was injured while

---

[1] Because the Court grants Plaintiff's motion on his Labor Law § 240(1), for the sake of brevity, the Court omits arguments as to Labor Law §241(6), which are academic (*see Malan v FSJ Realty Group II LLC*, 213 AD3d 541 [1st Dept 2023]).

[* 2]

using a ladder which was inadequate to protect him. Plaintiff argues because the ladder fell, he has established his prima facie entitlement to summary judgment under § 240(1). Plaintiff argues the conditions of the Premises prevented Plaintiff from opening the ladder fully, which constitutes a violation of § 240(1). In opposition, Hilson and 390 Fifth argue there is a question of fact as to whether Plaintiff was the sole proximate cause of his accident.

## II.      Discussion

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.*, 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial. *See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Pemberton v New York City Tr. Auth.*, 304 AD2d 340, 342 [1st Dept 2003]). Labor Law § 240(1) is to be construed as liberally as possible in order to accomplish its purpose (*Mananghaya v Bronx-Lebanon Hospital Center*, 165 AD3d 117, 122 [1st Dept 2018]).

Here, it is undisputed Plaintiff was engaged in work covered by § 240(1). Nor is it disputed that Defendants are statutory owners/contractors. Moreover, it is undisputed that Plaintiff was using a ladder in an unsafe position because the Premises was crowded with desks, computers, printers, and HVAC vents. Nor is it asserted that Plaintiff was provided with an alternative safety device, such as a baker's scaffold.

[* 3]

The First Department has repeatedly held that a Labor Law § 240(1) violation arises where a worker falls from a ladder in a closed position where the conditions of the workplace made it impossible to place the ladder in an open and secure position (*Castillo v TRM Contracting 626, LLC*, 211 AD3d 430 [1st Dept 2022]; *Howard v Turner Const. Co.*, 134 AD3d 523 [1st Dept 2015]). Thus, Plaintiff has established his prima facie entitlement to summary judgment under § 240(1).

Because there is an undisputed violation of § 240(1) it is impossible for Plaintiff to be considered the sole proximate cause of his accident (*Quiroz v Memorial Hospital for Cancer and Allied Diseases*, 202 AD3d 601 [1st Dept 2022]). Moreover, Plaintiff's motion is not fatally flawed for failure to provide a statement of material facts as the parties were not explicitly directed to provide a statement of material facts.[2] Superior's argument that the deposition of Mr. Goe, who testified as a representative of Superior, is inadmissible because it was never signed, is similarly without merit. CPLR 3116(a) makes an exception to the signature requirement if the witness is an adverse party. Here, as a representative of a named Defendant, Mr. Goe is an adverse party. Thus, Defendants have failed to raise a triable issue of fact, and their procedural arguments fail to defeat Plaintiff's motion. Plaintiff's motion on his Labor Law § 240(1) claim is therefore granted. Plaintiff's motion on his Labor Law § 241(6) is denied as academic (*see Malan v FSJ Realty Group II LLC*, 213 AD3d 541 [1st Dept 2023]).

Accordingly, it is hereby,

ORDERED that Plaintiff Perfecto J. Moncada's motion for partial summary judgment on his Labor Law § 240(1) claim against Defendants Superior Design Associates LLC, Hilson Management Corp., and 390 Fifth LLC, is granted; and it is further

---

[2] While not mandatory in Part 33, it is best practice and strongly encouraged to include a statement of material facts on a motion for summary judgment.

[* 4]

ORDERED that Plaintiff Perfecto J. Moncada's motion for partial summary judgment on his Labor Law § 241(6) claim is denied as academic; and it is further

ORDERED that within ten days of entry, counsel for Plaintiff shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 1/3/2025 | | | | *May V Rosado JSC* | |
|----------|---|---|---|-------|---|
| DATE | | | | HON. MARY V. ROSADO, J.S.C. | |

| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|------------|-----------------|---|--------------------------|---|
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

157234/2022   MONCADA, PERFECTO J. vs. SUPERIOR DESIGN ASSOCIATES LLC ET AL    Page 5 of 5
Motion No.  002

5 of 5