Navarro v Joy Constr. Corp. (2025 NY Slip Op 04816)

Navarro v Joy Constr. Corp.

2025 NY Slip Op 04816

Decided on August 28, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: August 28, 2025

Before: Moulton, J.P., Scarpulla, Gesmer, Rosado, O'Neill Levy, JJ. 

Index No. 155606/18|Appeal No. 4606|Case No. 2024-02742|

[*1]Emilio Mora Navarro, Plaintiff-Respondent-Appellant,
v
Joy Construction Corporation et al., Defendants-Appellants-Respondents.

Kahana & Feld LLP, New York (Daniel Rosenblum of counsel), for appellants-respondents.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Kenneth J. Gorman of counsel), for respondent-appellant.

Order, Supreme Court, New York County (Arlene Bluth, J.), entered April 4, 2024, which, to the extent appealed from, denied plaintiff's motion for summary judgment on his Labor Law § 240(1) claim, denied the motion of defendants YYY West 36th Street LLC, Joy Construction Corporation, and Care Realty Corp. for summary judgment dismissing plaintiff's complaint, and granted plaintiff's motion to amend his bill of particulars to assert violations of additional Industrial Code (12 NYCRR) regulations, unanimously modified, on the law, to grant plaintiff's motion for summary judgment on his Labor Law § 240(1) claim on the issue of liability, and otherwise affirmed, without costs.
In this Labor Law action, plaintiff was injured when he fell from a partially constructed hanging scaffold as it was being hoisted. Plaintiff established prima facie entitlement to summary judgment on his Labor Law § 240(1) claim with his testimony that he did not have an appropriate anchorage point to tie off his safety vest while still being able to perform his work (see Travalja v 135 W. 52nd St. Owner LLC, 232 AD3d 503, 504 [1st Dept 2024]; Mena v 5 Beekman Prop. Owner LLC, 212 AD3d 466, 467 [1st Dept 2023]). In opposition, defendants failed to submit evidence that a roof affixed lifeline would not have prevented plaintiff's fall (see Singh v City of New York, 191 AD3d 547, 548 [1st Dept 2021]). Similarly, while defendants contested the necessity of hoisting the suspended scaffold above the tree line to finish its construction, it submitted no credible evidence, such as testimony or documentation concerning the layout of the project or the planned scaffolding, to support that assertion. Thus, defendants did not rebut plaintiff's showing of entitlement to summary judgment.
Nor was plaintiff's testimony internally inconsistent so as to raise an issue of his credibility or support a finding that he was the sole proximate cause of the accident (cf. Lewis v 96 Wythe Acquisition LLC, 204 AD3d 470, 471 [1st Dept 2022]). The alleged minor discrepancies in plaintiff's testimony do not affect the material facts concerning defendants' liability under Labor Law § 240(1) (see Gutierrez v 610 Lexington Prop., LLC, 179 AD3d 513, 513 [1st Dept 2020]; John v Baharestani, 281 AD2d 114, 118 [1st Dept 2001]).
Plaintiff's Labor Law § 241(6) claim is academic in light of the grant of partial summary judgment on his Labor Law § 240(1) claim (see Malan v FSJ Realty Group II LLC, 213 AD3d 541, 542 [1st Dept 2023]; Howard v Turner Constr. Co., 134 AD3d 523, 524 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: August 28, 2025