Gates v New York Univ. (2025 NY Slip Op 05039)

Gates v New York Univ.

2025 NY Slip Op 05039

Decided on September 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 23, 2025

Before: Moulton, J.P., Mendez, O'Neill Levy, Michael, Chan, JJ. 

Index No. 156096/18|Appeal No. 4704-,4705|Case No. 2024-01223, 2024-07646|

[*1]Justin Gates, et al., Plaintiffs-Appellants,
v
New York University, et al., Defendants-Respondents. 

Kelner and Kelner, New York (Gail S. Kelner of counsel), for appellants.
Gallo Vitucci Klar LLP, New York (James Nathaniel Drexler of counsel), for respondents.

Order, Supreme Court, New York County (Verna L. Saunders, J.), entered February 2, 2024, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion for summary judgment on their Labor Law §§ 240(1) and 241(6) claims, unanimously modified, on the law, to grant summary judgment on the Labor Law § 240(1) claim, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered December 10, 2024, which denied plaintiffs' motion for leave to renew their motion for summary judgment, unanimously dismissed, without costs, as academic.
Plaintiffs established prima facie entitlement to summary judgment on their Labor Law § 240(1) claim. Plaintiff Justin Gates was injured when, as he attempted to step off a ladder it wobbled, and he fell onto a piece of steel conduit. Plaintiff testified at his deposition that the area of the floor where he had to place the ladder, given the layout of the room, had a depression and thus, one leg of the ladder was not flat on the ground. While there was nothing inherently defective in the ladder being used by plaintiff at the time of his accident, it was inadequate considering the room's configuration and the condition of the floor (see Felker v Corning Inc., 90 NY2d 219, 224 [1997]; Ross v 1510 Assocs. LLC, 106 AD3d 471, 471 [1st Dept 2013]). Defendants' reliance on the accident reports and medical records to raise a material issue of fact is unavailing. While the description of how the accident occurred in those documents might have each been incomplete, they were not inconsistent with plaintiffs' claims (see Hartrum v Montefiore Hosp. Hous. Section II Inc., 237 AD3d 429, 431 [1st Dept 2025]).
Plaintiffs' Labor Law § 241 (6) claim is academic in light of the grant of partial summary judgment on their Labor Law § 240 (1) claim (see Malan v FSJ Realty Group II LLC, 213 AD3d 541, 542 [1st Dept 2023]; Howard v Turner Constr. Co., 134 AD3d 523, 524 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 23, 2025